IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN MARIE STEVENS-NUNEZ,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1678 |
| | : | |
| **BRISTOL BOROUGH MUNICIPAL** | : | |
| **ADMINISTRATION,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 3rd day of June, 2024, upon consideration of Plaintiff Karen Marie Stevens-Nunez's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Financial Statement (ECF No. 4), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED** for the reasons in the Court's Memorandum as follows:

   a. Stevens-Nunez's claims under the Torture Act and the Health Insurance Portability and Accountability Act are **DISMISSED WITH PREJUDICE**; and

   b. Stevens-Nunez's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of Court is **DIRECTED** to terminate The Bristol Borough Municipal Administration and Bristol Police Civilian Complaint Review Board as Defendants.

5. Stevens-Nunez may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the

amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Stevens-Nunez's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  The amended complaint may not rely solely on exhibits to state a claim.  When drafting her amended complaint, Stevens-Nunez should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6. The Clerk of Court is **DIRECTED** to send Stevens-Nunez a blank copy of the Court's form complaint for a non-prisoner filing a civil rights action bearing the above civil action number.  Stevens-Nunez may use this form to file her amended complaint if she chooses to do so.

7. If Stevens-Nunez does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, she may file an appropriate notice with the district court asserting her intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.     If Stevens-Nunez fails to file any response to this Order, the Court will conclude that Stevens-Nunez intends to stand on her Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on her complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that she willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).